## NS

**FILED**

FEB **2 7** 2006



MICHAEL E. KUNZ, Clerk

By _____ Dep. Clerk

LAW OFFICES OF MARC S. BRAGG
Marc S. Bragg, Esquire
Atty. I.D. No.: 72685
230 West Market Street
West Chester, Pa., 19382
(484) 631-0092

Attorney for Defendant

_____

### IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTINE M. BELL, d/b/a/    : | |
| ALLEGIANCE MORTGAGE SERVICES    : | Docket No.: |
|         Plaintiff    : | **06 − 859** |
| vs.    : | |
|    : | |
| GLOBAL LENDING GROUP, INC.    : | |
|         Defendant    : | |

### NOTICE OF REMOVAL
28 U.S.C. §1441 et. seq.

TO :    CLERK OF COURT
       PLAINTIFF CHRISTINE M. BELL d/b/a ALLEGIANCE MORTGAGE
       SERVICES

      Defendant Global Lending Group, Inc., hereby notices the removal of the above
case brought by Plaintiff pursuant to the Telephone Consumer Protection Act of 1991, 47
U.S.C. §227 and being a case over which this Court would have original jurisdiction. 28
U.S.C.§§ 1331 and 1441(b).

      The Complaint filed in the Pennsylvania State Court of Common Pleas is attached
as Exhibit "1" and was received by Defendant within thirty (30) days of the date of this
Notice. Defendant has received no other pleadings or process in this case.

February 23, 2006

                          Respectfully submitted,
                          Law Offices of Marc S. Bragg

                          _____
                          Marc S. Bragg, Esquire

EXHIBIT "1"

CALDWELL LAW OFFICE LLC
Ann M. Caldwell, Esquire
I.D. No. 42252
108 W. Willow Grove Avenue, Suite 300
Philadelphia, PA 19118
(215) 248-2030
(215) 248-2031 (fax)

IN THE COURT OF COMMON PLEAS
OF CHESTER COUNTY, PENNSYLVANIA

CHRISTINE M. BELL d/b/a ALLEGIANCE      :
MORTGAGE SERVICES                       :
1363 Laurelwood Road                    :
Pottstown, PA 19465,                    :            06 - 00728
                                        :
    On Behalf Of Herself And All        :     C.A. NO.
    Others Similarly Situated,          :
                                        :
            Plaintiff,                  :
                                        :
    v.                                  :
                                        :
GLOBAL LENDING GROUP, INC.              :     CLASS ACTION
2561 Nursery Road, Suite C              :
Clearwater, FL 33764                    :
                                        :
            Defendant.                  :

## NOTICE TO DEFEND

        You have been sued in court.  If you wish to defend against the claims set forth in the following
pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a
written appearance personally or by attorney and filing in writing with the court your defenses or objections
to the claims set forth against you.  You are warned that if you fail to do so the case may proceed without
you and judgment may be entered against you by the court without further notice for any money claimed in
the complaint or for any other claim or relief requested by the plaintiff.  You may lose money or property or
other rights important to you.

        YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE.  IF YOU DO NOT HAVE A
LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO
FIND OUT WHERE YOU CAN GET LEGAL HELP.

LAWYER REFERRAL AND INFORMATIONSERVICE
Chester County Bar Association
15 W. Gay Street
West Chester, PA 19380
(610) 429-1500

    IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH
INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT
A REDUCED FEE OR NO FEE.

# CHESTER COUNTY COURT OF COMMON PLEAS
## CIVIL COVER SHEET



Do not staple or attach on this side

**1. CASE CAPTION:**        **IA. CASE NO.:**

Christine M. Bell d/b/a Allegiance Mortgage Services

v.

Global Lending Group, Inc.

**2. PLAINTIFF(s): (Name, address)**

Christine M. Bell
1363 Laurelwood Rd
Pottstown, PA  19465

**3. PLAINTIFF'S or (circle one)**
**DEFENDANT'S COUNSEL: (FILING ATTORNEY)**
**(Name, firm, address, telephone and attorney ID#)**

Caldwell Law Office LLC
Ann M. Caldwell (I.D.# 42252)
108 W. Willow Grove Ave, Suite 300
Phila. PA  19118

**4. DEFENDANT(s): (Name, address)**

Global Lending Group, Inc.
2561 Nursery Rd., Suite C
Clearwater, FL  33765

**5. ARE THERE, ANY RELATED CASES?**
(see C.C.R.C.P. 205B)
☐ Yes    ☒ No
IF YES, SHOW CASE NOS. AND CAPTIONS:

**6. IF THIS IS AN APPEAL FROM A DISTRICT JUSTICE JUDGMENT, WAS APPELLANT** ☐ PLAINTIFF OR ☐ DEFENDANT IN THE ORIGINAL ACTION?

**7. CASE CODE: 24    DESCRIPTION (see reverse side)** Class action for Violation of Telephone Consumer Protection Act

**8. IS THIS AN ARBITRATION CASE?** ☐ Yes  ☒ No    X  JURY TRIAL DEMANDED
(Arbitration Limit is $50,000. See C.C.R.C.P. 1301. 1)

---

**ARBITRATION CASES ONLY**
An Arbitration hearing in this matter is scheduled for
at                in the Jury Lounge,
Chester County Court House, West Chester, PA. The
parties and their counsel are directed to report to the
Juror's Lounge for an arbitration hearing in this
matter on the date and time set forth above.
This matter will be heard by a Board of Arbitrators at
the time, date and place specified but, if one or more
of the parties is not present at the hearing, the matter
may be heard at the same time and date before a
judge of the court without the absent party or parties.
There is no right to a trial *de novo* on appeal from a
decision entered by a judge.

**NOTICE OF TRIAL LISTING DATE**
Pursuant to C.C.R.C.P. 249.3, if this case is not
subject to compulsory arbitration it will be
presumed ready for trial twelve (12) months from
the date of the initiation of the suit and will be
placed on the trial list one (1) year from the date
the suit was filed unless otherwise ordered by the
Court.

To obtain relief from automatic trial listing a party
must proceed pursuant to C.C.R.C.P. 249.3(b),
request an administrative conference and obtain a
court order deferring the placement of the case on
the trial list until a later date.

---

FILE WITH: Prothonotary of Chester County, 2 North High Street, Suite 130, P.O. Box 2748, West Chester, PA 19380-0991

THIS COVER SHEET IS REQUIRED BY C.C.R.P. 10181.1 N AND MUST BE SERVED UPON ALL OTHER
PARTIES TO THE ACTION IMMEDIATELY AFTER FILING. SUBMIT ENOUGH COPIES FOR SERVICE

SEE REVERSE SIDE FOR CASE CODES AND DESCRIPTIONS (DETACH PRIOR TO FILLING OUT)

PROTHONOTARY FORM #1481.2 REV. 9/2004

CALDWELL LAW OFFICE LLC
Ann M. Caldwell, Esquire
I.D. No. 42252
108 W. Willow Grove Avenue, Suite 300
Philadelphia, PA 19118
(215) 248-2030
(215) 248-2031 (fax)

IN THE COURT OF COMMON PLEAS
OF CHESTER COUNTY, PENNSYLVANIA

06 JAN 25  AM 10:45  FILED

| | |
|---|---|
| CHRISTINE M. BELL d/b/a ALLEGIANCE MORTGAGE SERVICES 1363 Laurelwood Road Pottstown, PA 19465, <br><br> On Behalf Of Herself  And All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> GLOBAL LENDING GROUP, INC. 2561 Nursery Road, Suite C Clearwater, FL 33764 <br><br> Defendant. | C.A. NO. <br><br> CLASS ACTION |

## CLASS ACTION COMPLAINT

Plaintiff, on behalf of herself and all others similarly situated, upon personal knowledge with respect to herself and her own acts, and upon information and belief with respect to all other matters, for her Complaint against Defendant Global Lending Group, Inc. ("Global Lending"" or "Defendant") alleges as follows:

1.      This is a class action against Defendant seeking damages and declaratory and injunctive relief as a result of Defendant's violation of the Telephone Consumer Protection Act of 1991 ("TCPA"), 47 U.S.C. §227, and the Federal Communications Commissions regulations promulgated thereunder, 47 C.F.R §64.1200. With respect to three of the five faxes at issue, which were sent after July 9, 2005, Plaintiff asserts a claim under the TCPA, as amended by the Junk Fax Prevention Act of

2005 (effective July 9, 2005). Two of the faxes at issue were sent prior to the effective date of the Junk Fax Prevention Act of 2005, and are governed by the TCPA in existence prior to the amendments. Plaintiff seeks to represent two Classes, as defined below, who were sent one or more faxed unsolicited advertisement(s) by or on behalf of Defendant.

2.     Plaintiff is a mortgage broker with an office located in Chester County, Pennsylvania.

3.     Defendant Global Lending Group, Inc. is a Florida corporation providing mortgage banking services. At all times material hereto, Defendant was engaged in business within the Commonwealth of Pennsylvania and within Chester County.

**FACTUAL BACKGROUND**

4.     The Telephone Consumer Protection Act of 1991, 47 U.S.C. §227 was intended to deal with the increasingly common nuisance of telemarketing. Section 227(b)(1)(C), as it existed prior to July 9, 2005, prohibits the use of a telephone facsimile (fax) machine, or computer, or other device, to send an unsolicited advertisement to another facsimile machine. Section 227 (b)(3)(B) provides for a civil penalty in the amount of $500.00 for violation thereof, and Section 227 (b)(3)(C) allows the Court to increase the $500.00 civil penalty to $1,500.00, if the Court finds that Defendant willfully or knowingly violated the section.

5.     Title 47 U.S.C. §227 (a)(4) states: "The term 'unsolicited advertisement' means any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's express invitation or permission." Prior to the passage of the Junk Fax Prevention Act of 2005 on July 9, 2005, the only exception to the prohibition regarding faxed advertisements was prior express invitation or permission.

6.     In addition, the TCPA authorized the Federal Communications

2

Commission (FCC) to adopt regulations defining the prohibited conduct and setting forth procedures for enforcement. 47 U.S.C. §227(b)(2) and (c)(2). The regulations are codified at 47 C.F.R. §64.1200 (2001). Those regulations also prohibit the sending of unsolicited advertisements by fax. 47 C.F.R. § 64.1200(a)(3) states that no person may: "use a telephone facsimile machine, computer, or other device to send an unsolicited advertisement to a telephone facsimile machine."

7. Section 227(b)(1)(C), as amended by the Junk Fax Prevention Act of 2005, prohibits the use of a telephone facsimile (fax) machine, or computer, or other device, to send an unsolicited advertisement to another facsimile machine unless:

(i) the unsolicited advertisement is from a sender with an established business relationship with the recipient;

(ii) the sender obtained the number of the telephone facsimile machine through –

(I) the voluntary communication of such number, within the context of such established business relationship, form the recipient of the unsolicited advertisement, or

(II) a directory, advertisement, or site on the Internet to which the recipient voluntarily agreed to make available its facsimile number for public distribution, except that this clause shall not apply in the case of an unsolicited advertisement that is sent based on an established business relationship with the recipient that was in existence before the date of enactment of the Junk Fax Prevention Act of 2005 [enacted July 9, 2005] if the sender possessed the facsimile machine number of the recipient before the date of enactment; and

(iii) the unsolicited advertisement contains a notice meeting the requirements under paragraph (2)(D), except that the exceptions under clauses (i) and (ii) shall not apply with respect to an unsolicited advertisement sent to a telephone facsimile machine

3

by a sender to whom a request has been made not to send future unsolicited advertisements to such telephone facsimile machine that complies with the requirements under paragraph (2)(E).

      8.    Section 227 (b)(2)(D) of the Act, referred to above, provides that the notice contained in an unsolicited advertisement complies with the requirements of subparagraph (b)(1)(C) only if –

      (i)    the notice is clear and conspicuous and on the first page of the unsolicited advertisement;

      (ii)    the notice states that the recipient may make a request to the sender of the unsolicited advertisement not to send any future unsolicited advertisements to a telephone facsimile machine or machines and that failure to comply, within the shortest reasonable time, as determined by the Commission, with such a request meeting the requirements under subparagraph (E) is unlawful;

      (ii)    the notice sets forth the requirements for a request under subparagraph (E);

      (iv)    the notice includes

      (I)    a domestic contact telephone and facsimile machine number for the recipient to transmit such a request to the sender; and

      (II)    a cost-free mechanism for a recipient to transmit a request pursuant to such notice to the sender of the unsolicited advertisement; the Commission shall by rule require the sender to provide such a mechanism and may, in the discretion of the Commission and subject to such conditions as the Commission may prescribe, exempt certain classes of small business senders, but only if the Commission determines that the costs to such class are unduly burdensome given the revenues generated by such small businesses;

      (v)    the telephone and facsimile machine numbers and the cost-free

mechanism set forth pursuant to clause (iv) permit an individual or business to make
such a request at any time on any day of the week; and

       (vi)     the notice complies with the requirements of subsection (d).

    9.    The subparagraphs of Section 227(b)(1)(C) of the JFPA are separate and
distinct provisions, all of which must be met before the established business relationship
exception contained in the JFPA will relieve the sender of liability.  If **any** subparagraph
of Section 227(b)(1)(C) is not met, then liability will attach unless the sender can
demonstrate that it had prior express invitation or permission to send the fax(es) at
issue.  For example, if the unsolicited advertisement is from a sender with an established
business relationship with the recipient, but it does not contain a notice meeting the
requirements of Section 227 (b)(2)(D), the sender will be liable regardless of the
existence of an established business relationship.

    10.    The subparagraphs of Section 227(b)(2)(D) are separate and distinct
provisions, all of which must be met before the notice complies with Section
227(b)(1)(C)(iii).  If any subparagraph of 227(b)(2)(D) is not met, the notice does not
comply with Section 2227(b)(1)(C)(iii), and the prior established business relationship
exception to the prohibition against unsolicited fax transmissions is not applicable.

    11.    The Junk Fax Prevention Act of 2005 is not retroactive.  It was signed into
law on July 9, 2005.  Accordingly, the amended statute applies to faxes sent on or after
July 9, 2005, and the TCPA, as it existed prior to the passage of the Junk Fax
Prevention Act, applies to faxes sent before July 9, 2005.

    12.    The Federal Communications Commission ("FCC") has determined that
the advertiser, in addition to the entity that actually transmitted the fax (if different), is
ultimately liable for compliance with the ban on unsolicited facsimile advertisements and
is liable for its conduct.  See In the Matter of Rules and Regulations Implementing the
Telephone Consumer Protection Act of 1991, 1995 WL 464817, 10 F.C.C.R. 12, 391

(F.C.C. 1995).

13.     On May 2, 2005 and June 23, 2005, Plaintiff received on her facsimile machine unsolicited advertisements sent by or on behalf of Defendant.  The claims regarding these two faxes are governed by the TCPA as it existed prior to the amendment to the statute on July 9, 2005.  True and correct copies of the two unsolicited advertisements received by Plaintiff prior to July 9, 2005 are attached hereto as Exhibit A.

14.     On September 27, 2005, October 25, 2005, and November 3, 2005, Plaintiff received on her facsimile machine unsolicited advertisements sent by or on behalf of Defendant.  Claims regarding these three faxes are governed by the TCPA as amended by the Junk Fax Prevention Act of 2005.  True and correct copies of the unsolicited advertisements received by Plaintiff after July 9, 2005 are attached hereto as Exhibit B.

15.     At no time has Plaintiff given her express invitation or permission to Defendant to transmit to her fax machine(s) the documents attached hereto as Exhibit A and B, so that each fax is an unsolicited advertisement.

16.     Each of the faxes attached hereto as Exhibit A and B was willfully and/or knowingly sent by or on behalf of Defendant.

17.     Upon information and belief, Plaintiff alleges that Defendant has faxed or caused to be faxed on its behalf, advertisements to Plaintiff and Class members who have never given prior express invitation or permission to Defendant.

18.     The faxes attached hereto as Exhibit B do not contain a notice meeting the requirements of 47 U.S. C. § 227(b)(2)(D).  All of the faxes (including those sent before the JFPA), have a one line statement at the bottom, in print markedly smaller than the rest of the fax, stating: "If you would like to be removed form our list, please call 1-800-311-0217 and follow the voice prompts using pin # 9611."  (See Exhibit B hereto).

6

If this can be considered a notice at all, it is not (a) clear and conspicuous; (b) it does not

state that failure to comply within the shortest reasonable time, as determined by the

Commission, with a request not to receive further faxes meeting the requirements under

subparagraph (E) is unlawful; (c) it does not set forth the requirements for the request

under subparagraph (E); and, (d) there is no domestic facsimile number provided to

which to transmit such a request.

19.    Defendant's actions in sending the two faxes attached hereto as Exhibit A

violate the TCPA as it existed prior to the July 9, 2005 amendment, and Plaintiff and the

Class are entitled to damages as outlined below.

20.    Defendant's actions in sending the three faxes attached hereto as Exhibit

B violate the TCPA as amended by the Junk Fax Prevention Act, and Plaintiff and the

Class are entitled to damages as outlined below.

## CLASS ACTION ALLEGATIONS

21.    Plaintiff brings this action individually and as a class action pursuant to

Rule 1701 et seq. of the Pennsylvania Rules of Civil Procedure. Defendant's conduct

has been systematic and continuous and has affected many persons and entities within

the Commonwealth of Pennsylvania. Accordingly, Plaintiff seeks to represent the

following two classes:

> All persons or entities that are holders of telephone
> numbers in the Commonwealth of Pennsylvania to which a
> facsimile transmission was sent by or on behalf of
> Defendant at any time between January 20, 2002 and July
> 8, 2005, substantively similar to any of the faxes attached
> hereto as Exhibit A, or otherwise advertising Global
> Lending Group, Inc.    Excluded from the class are
> Defendant, and its officers, directors, employees, agents,
> predecessors, successors, subsidiaries and affiliates (the
> "TCPA Class").

> All persons or entities that are holders of telephone
> numbers in the Commonwealth of Pennsylvania to which a
> facsimile transmission was sent by or on behalf of
> Defendant at any time between July 9, 2005 to and

including the present, substantively similar to any of the faxes attached hereto as Exhibit B, or otherwise advertising Global Lending Group, Inc. Excluded from the class are Defendant, and its officers, directors, employees, agents, predecessors, successors, subsidiaries and affiliates (the "JFPA Class").

Plaintiff reserves the right to amend the definition of the TCPA and JFPA classes upon completion of class certification discovery.

22.     A class action is the only practical means available for members of the class to recover the damages to which each is entitled, and to stop Defendant's unlawful conduct.

23.     Identification of the members of the two classes described above can be ascertained in discovery of Defendant's database and/or from Defendant's other books and records and/or from the books and records of any other party which may have actually sent the unsolicited faxed advertisements to Plaintiff and to each Class member at the request of Defendant and on behalf of Defendant and/or provided fax numbers to Defendant.

24.     The members of each Class are so numerous that joinder of them all is impracticable.  Plaintiff believes that thousands of Class members during the past four years have been sent unsolicited advertisements to facsimile machines located within the Commonwealth of Pennsylvania by or on behalf of Defendant.

25.     There are numerous and substantial questions of law and fact common to members of each Class which predominate over questions which may affect only individual members.  These common questions, which will control this litigation and will predominate over any individual issues, include but are not limited to:

(a)     whether Defendant sent and routinely sends unsolicited facsimile advertisements to the fax machine of Plaintiff and members of the TCPA and JFPA class without obtaining prior express permission or invitation;

8

(b)     whether  Defendant violated the TCPA or the JFPA by sending unsolicited facsimile advertisements to the fax machine of Plaintiff and class members as to render them liable;

(c)     whether Defendant's violations of the TCPA and/or the JFPA were willful and/or knowing and if so, whether the Court should award treble damages as provided by the Act.

(d)     whether the faxes attached hereto as Exhibit B contain a notice that meets the requirements of 47 U.S. C. § 227(b)(2)(D).

26.     Plaintiff is a member of both of the Classes she seeks to represent and her claims are typical of claims of the other members of the Classes, since all members of each Class received one or more unsolicited faxed advertisements and all members of each Class are entitled to the same statutory relief as a result of receipt of unsolicited faxed advertisements in violation of law.

27.     The liability of Defendant to pay damages to Plaintiff and to each member of each proposed class is based upon the identical statute,  47 U.S.C. §227, which applies both to Defendant and to Plaintiff as well as to every member of the proposed Classes.

28.     Plaintiff is well qualified to act as the Class Representative, and will fairly and adequately protect the interests of the other members of the Classes.  Plaintiff has no interests that are adverse or antagonistic to the interests of the other members of the Class.  Plaintiff is committed to prosecuting this class action and has retained competent counsel experienced in litigation of this nature.

29.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy.  Joinder of all class members is clearly impracticable.  The likelihood of individual class members prosecuting separate claims is remote due to the amount of individual statutory damages available under the TCPA and

9

the associated cost of pursuing an individual claim through formal litigation. The expense and burden of individual litigation make it unlikely that class members will individually seek redress for the wrongs done to them. It is desirable for all concerned to concentrate this litigation in this particular forum. Plaintiff envisions no difficulty in the management of this action as a class action, and this is a convenient and proper forum in which to litigate this case.

30.    The prosecution of separate actions by individual class members would create the risk of varying and inconsistent determinations that could confront Defendant with incompatible standards of conduct and which could prejudice non-parties to any adjudication or substantially impede their ability to protect their own interests because of the overriding common questions of law and fact involved in this matter.

31.    This action will result in an orderly and expeditious administration of claims, and it will foster economies of time, effort and expense. This action will contribute to uniformity of decisions concerning Defendant's practices.

### FIRST CAUSE OF ACTION
(Violation of the Telephone Consumer Protection Act
And The Junk Fax Prevention Act)

32.    Plaintiff refers to and incorporates herein paragraphs 1 through 31 inclusive, as though fully set forth herein.

33.    The faxes sent by Defendant before July 9, 2005 (Exhibit A hereto), violate the TCPA, 47 U.S.C. §227(b)(1)(C) and (b)(2)(D), and FCC regulations, 47 C.F.R. §64.1200 (a)(3), which prohibit the use of a telephone facsimile machine, or computer, or other device, to send an unsolicited advertisement to another facsimile machine.

34.    The faxes sent by Defendant after July 9, 2005 (Exhibit B hereto) violate the JFPA because they are unsolicited advertisements and they do not contain a notice meeting the requirements of 47 U.S.C. § 227(b)(1)(C)(iii). There is no prior existing

10

business relationship between Plaintiff and Defendant. Even if such a relationship could be shown (which it cannot), Defendant has nevertheless violated the JFPA because the faxes at issue does not contain a notice meeting the requirements of 47 U.S.C. § 227(b)(1)(C)(iii).

35.    Pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff and the members of each proposed class for damages for each statutory violation in the amount of $500.00. Additionally, the Court may, if appropriate, award three times that amount, or $1,500.00 per violation.

36.    Pursuant to 47 U.S.C.§227(b)(3)(A), Plaintiff seeks to enjoin Defendant from violating the Act as described above.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself and all others similarly situated, prays for judgment against Defendant, and requests that the Court:

A.    Certify this action as a class action;

B.    Award statutory damages of five hundred ($500.00) dollars per statutory violation to each member of the Plaintiff Classes;

C.    Award treble damages to the Plaintiff Classes;

D.    Enjoin Defendant from further violations of the TCPA;

E.    Grant such other and further relief as the Court deems fair and proper under the circumstances.

The total claim in this action is for an amount in excess of arbitration limits.

Dated: January 23, 2006                     Respectfully submitted,

_Ann M. Caldwell_
Ann M. Caldwell
Pa. I.D. No. 42252
**CALDWELL LAW OFFICE LLC**
108 W. Willow Grove Ave., Suite 300
Philadelphia, PA 19118

11

(215) 248-2030
(215) 248-2031 (fax)

**Attorney for Plaintiff and the Class**

## VERIFICATION

I, Christine M. Bell, d/b/a Allegiance Mortgage Services, Plaintiff herein, verify that the facts set forth in the foregoing Complaint are true and correct to the best of my information and belief. I understand that false statements herein are made subject to the penalties of 18 Pa. C.S. ' 4904, relating to unsworn falsification to authorities.

FOR; U5/02/05 06:52:38AM

## Exhibit A

 **GLOBAL LENDING GROUP**

**SUB-PRIME TO 500K**
**500K+ EXCEPTION ONLY**

2561 Nursery Road, Suite #C, Clearwater, FL 33764    Office: (727) 530-0110   Fax: (727) 530-0210
www.glgiwholesale.net

### ------BANKRUPTCY------

**1 DAY OUT OF BK TO 100% (80/20)**

**BK BUYOUT PROGRAMS TO 95%**

### --NON-OWNER OCCUPIED--

| FULL DOC: | LTV | SCORE |
|---|---|---|
| NON-OWNER | 95% | 600+ |
| NON-OWNER | 90% | 580+ |
| NON-OWNER | 85% | 560+ |
| NON OWNER | 80% | 540+ |
| NON-OWNER | 75% | 500+ |

| STATED: | LTV | SCORE |
|---|---|---|
| NON-OWNER | 95% | 640+ |
| NON-OWNER | 90% | 620+ |
| NON-OWNER | 85% | 580+ |
| NON-OWNER | 80% | 540+ |
| NON-OWNER | 75% | 500+ |

### ------OWNER OCCUPIED------

| FULL DOC: | LTV | SCORE |
|---|---|---|
| OWNER OCC. | 100% | 580+ |
| OWNER OCC. | 95% | 575+ |
| OWNER OCC. | 90% | 520+ |
| OWNER OCC. | 85% | 500+ |

| STATED: | LTV | SCORE |
|---|---|---|
| OWNER OCC | 100% | 640+ |
| OWNER OCC | 95% | 620+ |
| OWNER OCC | 90% | 580+ |
| OWNER OCC | 85% | 550+ |
| OWNER OCC | 80% | 500+ |

| NO DOC: | LTV | SCORE |
|---|---|---|
| OWNER OCC | 100% | 720+ |
| OWNER OCC | 95% | 680+ |
| OWNER OCC | 90% | 660+ |
| OWNER OCC | 80% | 620+ |

### ---NICHE HIGHLIGHTS---

- **JUMBO AND SUPER JUMBO LOANS UP TO $4,000,000!!!!**
  (SEE JUMBO FLYER ALT-A )

- **NO SEASONING OF PROPERTY PROGRAMS!**

- **MANUFACTURED HOMES UP TO 85% LTV!!!**

- **NON-OWNER OCCUPIED PROPERTIES UP TO 95% LTV!!**

- **FLIP PROPERTIES OK!!**

- **NO DOC LOANS UP TO 100% LTV (80/20)**

- **18 MONTH BANK STATEMENTS SAME LTV AS FULL DOC!**

- **LITE DOC 12 MO BK STATEMENTS W/1YR S.E.**

- **MORTGAGE ONLY PROGRAMS!!**

- **NO SEASONING OF FUNDS PROGRAMS!!**

- **PRIVATE VOR WITH 500+ SCORE EVEN ON LEASE PURCHASE**

- **DTI UP TO 60%!!**

- **6% SELLER CONTRIBUTIONS UP TO 100% LTV!!!!**

- **15+ ACRES OK!!**

- **WAGE EARNER STATED OK!!!**

- **NO SCORE TO 80% LTV**

- **SCORE ONLY PROGRAM AVAILABLE!!!**

- **GIFT OF EQUITY OK UP TO 100%**

### 24-HOUR APPROVAL
VISIT: WWW.GLGIWHOLESALE.NET TO USE OUR ONLINE PREQUAL ENGINE
OR FAX TO 727-530-0210
FAX A GLOBAL SUBMISSION FORM, 1003, 1008 AND CREDIT TO JAYMZ
STREETER (Ext 102) TODAY!!

If you would like to be removed from our list, please call 1-800-311-0217 and follow the voice prompts using pin # 9611.

Rx time:05/02/2005 08:56          Rx No.:471 P.001

Thu, 08/23/05 08:44:36AM ;

**G L O B A L L E N D I N G G R O U P**

2361 Nursery Road, Suite 9C, Clearwater, FL 33764    Office: (727) 530-0110  Fax: (727) 530-0210

## --------BANKRUPTCY--------

1 DAY OUT OF BK TO 100% (80/20)

BK BUYOUT PROGRAMS TO 95%

BORROWER CAN BE IN C.C.C.!!!

## --NON-OWNER OCCUPIED--

| FULL DOC: | LTV | SCORE |
|---|---|---|
| NON-OWNER | 95% | 680+ |
| NON-OWNER | 90% | 600+ |
| NON-OWNER | 85% | 560+ |
| NON-OWNER | 80% | 540+ |
| NON-OWNER | 75% | 500+ |

| STATED: | LTV | SCORE |
|---|---|---|
| NON-OWNER | 90% | 680+ |
| NON-OWNER | 85% | 580+ |
| NON-OWNER | 80% | 540+ |
| NON-OWNER | 75% | 500+ |

## ----OWNER OCCUPIED-----

| FULL DOC: | LTV | SCORE |
|---|---|---|
| OWNER OCC. | 100% | 580+ |
| OWNER OCC. | 95% | 575+ |
| OWNER OCC. | 90% | 520+ |
| OWNER OCC. | 85% | 500+ |

| STATED: | LTV | SCORE |
|---|---|---|
| OWNER OCC | 100% | 640+ |
| OWNER OCC | 95% | 620+ |
| OWNER OCC | 90% | 580+ |
| OWNER OCC | 85% | 550+ |
| OWNER OCC | 80% | 500+ |

| NO DOC: | LTV | SCORE |
|---|---|---|
| OWNER OCC | 100% | 720+ |
| OWNER OCC | 95% | 680+ |
| OWNER OCC | 90% | 660+ |
| OWNER OCC | 80% | 620+ |

## --NICHE HIGHLIGHTS--

- JUMBO AND SUPER JUMBO LOANS UP TO $4,000,000!!!!
- NO SEASONING OF PROPERTY PROGRAMS!
- MANUFACTURED HOMES UP TO 85% LTV!!!
- NON-OWNER OCCUPIED PROPERTIES UP TO 95% LTV!!
- FLIP PROPERTIES OK!!
- NO DOC LOANS UP TO 100% LTV (80/20)
- 18 MONTH BANK STATEMENTS SAME LTV AS FULL DOC!
- LITE DOC 12 MO BK STATEMENTS W/1YR S.E.
- MORTGAGE ONLY PROGRAMS!!
- NO SEASONING OF FUNDS PROGRAMS!!
- PRIVATE VOR WITH 500+ SCORE EVEN ON LEASE PURCHASE
- DTI UP TO 60%!!
- 6% SELLER CONTRIBUTIONS UP TO 100% LTV!!!!
- 15+ ACRES OK!!
- WAGE EARNER STATED OK!!!
- NO SCORE TO 80%LTV
- SCORE ONLY PROGRAM AVAILABLE!!!
- GIFT OF EQUITY OK UP TO 100%

### 24-HOUR FAX APPROVAL
FAX TO 727-530-0210
FAX A GLOBAL SUBMISSION FORM, 1003, 1008 AND CREDIT TO JAYMZ STREETER (Ext 102) TODAY!!

If you would like to be removed from our list, please call 1-800-311-0217 and follow the voice prompts using pin # 9811.

Rx time:08/23/2005 08:49    Rx No.:103 P.001

Tue, 09/27/05 08:48:59AM :

$Exhibit\ B$



GLOBAL LENDING GROUP

2561 Nursery Road, Suite 4C, Clearwater, FL 33764    Office (727) 530-0110  Fax (727) 530-0210

| -------BANKRUPTCY------- |
|---|
| 1 DAY OUT OF BK TO 100% (80/20) |
| BK BUYOUT PROGRAMS TO 95% |
| BORROWER CAN BE IN C.C.C.!!! |

## --NON-OWNER OCCUPIED--

| FULL DOC: | LTV | SCORE |
|---|---|---|
| NON-OWNER | 95% | 680+ |
| NON-OWNER | 90% | 600+ |
| NON-OWNER | 85% | 560+ |
| NON OWNER | 80% | 540+ |
| NON-OWNER | 75% | 500+ |

| STATED: | LTV | SCORE |
|---|---|---|
| NON-OWNER | 90% | 680+ |
| NON-OWNER | 85% | 580+ |
| NON-OWNER | 80% | 540+ |
| NON-OWNER | 75% | 500+ |

## ----OWNER OCCUPIED----

| FULL DOC: | LTV | SCORE |
|---|---|---|
| OWNER OCC. | 100% | 580+ |
| OWNER OCC. | 95% | 575+ |
| OWNER OCC. | 90% | 520+ |
| OWNER OCC. | 85% | 500+ |

| STATED: | LTV | SCORE |
|---|---|---|
| OWNER OCC | 100% | 640+ |
| OWNER OCC | 95% | 620+ |
| OWNER OCC | 90% | 580+ |
| OWNER OCC | 85% | 550+ |
| OWNER OCC | 80% | 500+ |

| NO DOC: | LTV | SCORE |
|---|---|---|
| OWNER OCC | 100% | 720+ |
| OWNER OCC | 95% | 680+ |
| OWNER OCC | 90% | 660+ |
| OWNER OCC | 80% | 620+ |

## --NICHE HIGHLIGHTS--

- JUMBO AND SUPER JUMBO LOANS UP TO $4,000,000!!!!
- NO SEASONING OF PROPERTY PROGRAMS!
- MANUFACTURED HOMES UP TO 85% LTV!!!
- NON-OWNER OCCUPIED PROPERTIES UP TO 95% LTV!!
- FLIP PROPERTIES OK!!
- NO DOC LOANS UP TO 100% LTV (80/20)
- 18 MONTH BANK STATEMENTS SAME LTV AS FULL DOC!
- LITE DOC 12 MO BK STATEMENTS W/1YR S.E.
- MORTGAGE ONLY PROGRAMS!!
- NO SEASONING OF FUNDS PROGRAMS!!
- PRIVATE VOR WITH 500+ SCORE EVEN ON LEASE PURCHASE
- DTI UP TO 80%!!
- 6% SELLER CONTRIBUTIONS UP TO 100% LTV!!!!
- 15+ ACRES OK!!
- WAGE EARNER STATED OK!!!
- NO SCORE TO 80%LTV
- SCORE ONLY PROGRAM AVAILABLE!!!
- GIFT OF EQUITY OK UP TO 100%

### 24-HOUR FAX APPROVAL
**FAX TO 727-530-0210**
FAX A GLOBAL SUBMISSION FORM, 1003, 1008 AND CREDIT TO
JAYMZ STREETER (Ext 102) TODAY!!

If you would like to be removed from our list, please call 1-800-311-0217 and follow the voice prompts using pin # 9811.

Rx time:09/27/2005 08:55          Rx No.:454 P.001

FEB-07-2006 Tue 05:31PM    Case 3:06-cv-00859-NS    Document 1    Filed 02/27/06    Page 21 of 23    P. 21
From: ALLEGIANCE MORTGAGE    510 520 2450    FAX NO.    1 704 2000 1 ...    P. 21

Tue, 10/25/05 09:19:08AM    :

*Exhibit B*



**2561 Nursery Road, Suite #C, Clearwater, FL 33764**
**Office: (727) 530-0110    Fax: (727) 530-0210**
**www.glgiwholesale.net**

# Jumbo Loan Specialist!!



*CHECK THIS OUT!!*

*FAST CLOSING!!*

*CALL TODAY!!*

| Combos to $1 Million! | Single Loans to $1 Million! |
|---|---|
| 80/20 Loan to $1 million | Down to a 500 Credit Score |
| Purchase, Refi and Cash Out | Purchase, Refi or Cash Out |
| 1x30 Max Mortgage Late | Unlimited Cash Out |
| Interest Only and 40 Year Arms | Limited Trade Lines Acceptable |
| No MI * No Reserves | Full, Limited and Stated |
| Optional Escrows | Owner Occ, 2nd Home and NOO |
| Full, Limited and Stated | No Seasoning of Discharged BK |
| 640 Credit Score for $1m | |
| 600 Credit Score for $800k | 80% LTV to $1 Million |
| 575 Credit Score for $500k | 85% LTV to $750,000 |
| | 90% LTV to $650,000 |

## 24-HOUR APPROVAL

**VISIT: WWW.GLGIWHOLESALE.NET TO USE OUR ONLINE PREQUAL ENGINE**
**OR FAX TO 727-530-0210 FAX A GLOBAL SUBMISSION FORM, 1003, 1008 AND**
**CREDIT TO AN ACCOUNT EXECUTIVE TODAY!!**

If you would like to be removed from our list, please call 1-800-311-0217 and follow the voice prompts using pin # 8611.

*Exhibit B*



**2561 Nursery Road, Suite #C, Clearwater, FL 33764**
Office: (727) 530-0110   Fax: (727) 530-0210
**www.glgiwholesale.net**

# NEW AND IMPROVED ON 10/1/05!!!!!!

## --------BANKRUPTCY--------

**1 DAY OUT OF BK TO 100% (80/20) 575 SCORE**

**BK BUYOUT PROGRAMS TO 95%**

**BORROWER CAN BE IN C.C.C.!!!**

## --NON-OWNER OCCUPIED--

| FULL DOC: | LTV | SCORE |
|---|---|---|
| NON-OWNER | 95% | 600+ |
| NON-OWNER | 90% | 580+ |
| NON-OWNER | 85% | 560+ |
| NON OWNER | 80% | 540+ |
| NON-OWNER | 75% | 500+ |

| STATED: | LTV | SCORE |
|---|---|---|
| NON-OWNER | 90% | 620+ |
| NON-OWNER | 85% | 580+ |
| NON-OWNER | 80% | 540+ |
| NON-OWNER | 75% | 500+ |

## -----OWNER OCCUPIED-----

| FULL DOC: | LTV | SCORE |
|---|---|---|
| OWNER  OCC. | 100% | 580+ |
| OWNER  OCC. | 80/20 | 575+ |
| OWNER  OCC. | 90% | 520+ |
| OWNER  OCC. | 85% | 500+ |

| STATED: | LTV | SCORE |
|---|---|---|
| OWNER OCC | 100% | 640+ |
| OWNER OCC | 80/20 | 620+ |
| OWNER OCC | 90% | 580+ |
| OWNER OCC | 85% | 550+ |
| OWNER OCC | 80% | 500+ |

| NO DOC: | LTV | SCORE |
|---|---|---|
| OWNER OCC | 100% | 720+ |
| OWNER OCC | 95% | 680+ |
| OWNER OCC | 90% | 660+ |
| OWNER OCC | 80% | 620+ |

## --NICHE HIGHLIGHTS--

- **JUMBO AND SUPER JUMBO LOANS UP TO $2,500,000!!!!**
- **100% LTV UP TO $1 MILLION, STATED OR FULL DOC!!!!**
- **UNLIMITED CASH OUT!!!**
- **40 YEAR AMORITIZATION PROGRAMS AVAILABLE!!**
- **CAN USE CO-BORROWERS INCOME AND DISREGARD THEIR SCORE !!!**
- **NO SEASONING OF PROPERTY PROGRAMS!**
- **MANUFACTURED HOMES UP TO 95% LTV!!! (660 SCORE REQUIRED)**
- **100% SELLER HELD 2NDS OK.. EVEN ON N/O/O!!!!!!**
- **FLIP PROPERTIES OK!!**
- **NO DOC LOANS UP TO 100% LTV**
- **12 MONTH BANK STATEMENTS SAME LTV AS FULL DOC!**
- **MORTGAGE ONLY PROGRAMS!!**
- **NO SEASONING OF FUNDS PROGRAMS!!**
- **PRIVATE VOR  WITH 500+ SCORE (EVEN ON LEASE PURCHASE WITH A 620 + SCORE)**
- **DTI UP TO 60%!!**
- **6% SELLER CONTRIBUTIONS UP TO 100% LTV!!!!**
- **15+ ACRES OK!!**
- **WAGE EARNER STATED OK!!!**
- **NO SCORE TO 80%LTV**
- **SCORE ONLY PROGRAM AVAILABLE!!!**
- **GIFT OF EQUITY OK UP TO 100%**

## 24-HOUR APPROVAL

VISIT: **WWW.GLGIWHOLESALE.NET** TO USE OUR ONLINE PREQUAL ENGINE
OR FAX TO 727-530-0210
FAX A GLOBAL SUBMISSION FORM, 1003, 1008 AND CREDIT TO **JAYMZ STREETER** (Ext 102) TODAY!!

If you would like to be removed from our list, please call 1-800-311-0217 and follow the voice prompts using pin # 9611.

FILED

FEB 2 7 2006

MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

LAW OFFICES OF MARC S. BRAGG
Marc S. Bragg, Esquire
Atty. I.D. No.: 72685
230 West Market Street
West Chester, Pa., 19382
(484) 631-0092                                    Attorney for Defendant

---

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA


CHRISTINE M. BELL, d/b/a/              :
ALLEGIANCE MORTGAGE SERVICES  :        Docket No.:
                    Plaintiff          :
                                       :
vs.                                    :
                                       :
GLOBAL LENDING GROUP, INC.             :
                    Defendant          :
_____:


### CERTIFICATE OF SERVICE


I, Marc S. Bragg, certify that a true and correct copy of Defendant's Notice of Removal
and exhibit thereto was served upon counsel for plaintiff by first class mail postage
prepaid to the address and on the date set forth below:

Ann M. Caldwell, Esquire
108 West Willow Grove Avenue
Suite 300
Philadelphia, PA., 19118


February 23, 2006

                            Respectfully submitted,
                            Law Offices of Marc S. Bragg

                            _____
                            Marc S. Bragg, Esquire